842 F.2d 334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer WINTERS, Plaintiff-Appellant,
v.
George VOINOVICH; Reginald Turner; William T. Hanton,
Defendants-Appellees.
 No. 87-3450.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This Ohio plaintiff appeals the district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d) of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34.
 
 
 2
 Plaintiff alleged he was denied his fourth and fourteenth amendment rights when he was falsely arrested and maliciously prosecuted for charges of rape, which were ultimately dismissed with prejudice by the State of Ohio. The district court concluded that the 42 U.S.C. Sec. 1983 suit essentially challenged the validity of the underlying criminal conviction. Hence, the district court characterized the claim as a petition for a writ of habeas corpus and concluded that it lacked jurisdiction to consider the claims because plaintiff had failed to exhaust his state court remedies.
 
 
 3
 Upon examination of the record, we conclude that the district court erred in construing the 42 U.S.C. Sec. 1983 suit as a petition for a writ of habeas corpus, as no evidence of a conviction is apparent on the face of the record.
 
 
 4
 Notwithstanding this fact, we conclude that plaintiff's suit was properly dismissed. The plaintiff sued supervisory officials who were not directly involved in the alleged misconduct. Plaintiff therefore failed to state a claim against the named defendants because liability in 42 U.S.C. Sec. 1983 suits may no longer be imputed against supervisory officials under the doctrine of respondeat superior. See Alioto v. City of Shively, No. 86-6099, slip op. at 4-5 (6th Cir., Dec. 29, 1987); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 5
 Accordingly, the district court judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.